**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Larry D. Land,**

**Plaintiff,**

**v.**

**Internal Revenue Service and**
**Blaine Holiday,**

**Defendants.**

**Civil No. 01-2280 (DWF/SRN)**

**REPORT AND RECOMMENDATION**

---

Plaintiff is pro se.

Mary E. Bielfeld, Assistant United States Attorney, on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on June 14, 2002, on Plaintiff's Motion for Entry of Judgment by Default (Doc. No. 7), Plaintiff's Motion to Dismiss (Doc. No. 20), Plaintiff's Motion to Dismiss Under Rule 56 and for Relief (Doc. No. 27), and Defendants's Motion to Dismiss or Alternatively, for Summary Judgment (Doc. No. 12-1 and 12-2)[1].

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Defendants' motion be granted, Plaintiff's motion for entry of default judgment be denied, Plaintiff's motion to dismiss be denied in part and denied in part as moot, and Plaintiff's Motion

[1] Plaintiff's nondispositive motions are addressed in a separate Order.

OCT 30 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to Dismiss under Rule 56 and for Relief be denied in part and denied in part as moot.

## I. BACKGROUND.

On December 28, 1999, The Internal Revenue Service (IRS) issued a Notice of Deficiency to Plaintiff and his wife, Marie A. Land. (Declaration of Blaine C. Holiday (Holiday Decl.); Ex. 1[2].) On March 13, 2000, the Lands filed an imperfect Petition with the United States Tax Court. (Ex. 2.) On March 15, 2000, the Tax Court ordered the Lands to file an Amended Petition. (Ex. 3.) On April 3, 2000, they filed an Amended Petition. (Ex. 4.) On the Amended Petition, the Lands elected to have the case conducted under "small tax case" procedures. Id. The Lands made this choice by leaving blank the box on their petition which instructed them "if you do not want this case conducted as a 'small tax case' place an 'X' in the following box." Id. On June 29, 2000, the Tax Court issued a notice setting the case for trial on September 18, 2000, in St. Paul, MN. (Ex. 5.) An appeals officer subsequently determined that settlement could not be reached, and on July 14, 2000, the Appeals Division issued a "Branerton" letter to the Lands, explaining pretrial procedures and setting forth the adjustments from the Notice of Deficiency that were at issue. (Ex. 6.)

Defendant Holiday is an attorney in the Office of Chief Counsel, IRS, Department of the Treasury, who was assigned to represent the Commissioner of the IRS. (Holiday Decl., ¶ 1.) On or about August 8, 2000, the unresolved case was assigned to him. Id. at ¶ 12. Holiday and the Lands held in person conferences on August 14 and August 29, 2000. Id. During these conferences, the Lands expressed interest in settling the case, but the parties could not reach a

---

[2]All future citations to "Ex. __" refer to the exhibits accompanying the Declaration of Blaine C. Holiday.

mutually agreeable settlement. Id. On September 12, 2000, Holiday sent the Lands a letter explaining that no settlement would be reached. (Ex. 7.) Holiday attached a proposed Stipulation of Facts for approval, which was signed and filed with the Tax Court on September 18, 2000. (Ex. 8.)

On September 18, 2000, the Tax Court trial was held before Special Trial Judge John J. Pajak. (Ex. 9.) Holiday filed a Memorandum of Authorities and served a copy on the Lands by hand. Id. On July 26, 2001, the Tax Court issued its Summary Opinion. (Ex. 10.) On August 9, 2001, the Tax Court Rule 155 computations were sent to the Lands along with a decision document. (Ex. 11.) On August 23, 2001, the Lands moved the Tax Court for reconsideration of its opinion. (Ex. 12.) On August 23, 2001, the Tax Court rejected the Lands' post-opinion settlement offer. (Ex. 14.) On August 31, 2001, the Tax Court denied the Lands' motion. (Ex. 13.) On September 7, 2001, the Commissioner sent the Rule 155 computations to the Tax Court along with a proposed Decision. (Ex. 15.) On October 25, 2001, the Tax Court entered the proposed decision, which stated that there was a deficiency of $5,336.00 in income tax due for the taxable year 1995, and there was no penalty due for that year. (Ex. 16.) Prior to issuing the proposed order, the Tax Court had provided the Lands an opportunity to object or submit their own computations. (Holiday Decl., ¶ 20.) On December 19, 2001, the Lands moved the Tax Court to vacate its decision and reconsider the opinion. The Lands' motion included a supporting affidavit and exhibits. (Ex. 17.) On January 14, 2002, the Tax Court denied the Lands' motion. (Ex. 18.)

On December 11, 2001, Plaintiff filed the Complaint in the present suit. In the Complaint, Plaintiff seeks the following relief: (1) an order that he be allowed to file his

amended tax forms for the year 1995; (2) that he and the IRS together file a motion for reconsideration and withdrawal of the Tax Court's decision listed above; (3) compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial; (4) punitive damages; (5) other relief as the Court deems necessary and proper; and (6) legal fees and costs in this action, as well as legal fees and costs "incurred to perpetrate his testimony before this action began."

On January 11, 2002, Plaintiff served the Complaint on Defendants. On March 12, 2002, Plaintiff filed the motion for default judgment. On April 12, 2002, Defendants filed their memorandum in opposition to Plaintiff's motion. On April 16, 2002, Defendants filed their motion to dismiss, or alternatively, for summary judgment. On May 2, 2002, Plaintiff filed his motion for additional time to respond to Defendants' summary judgment motion. Also on May 2, 2002, Plaintiff filed his motion for a settlement conference. On June 7, 2002, Plaintiff filed his motion to dismiss under Rule 56 and for relief.

## II. DISCUSSION

### A. <u>Tax proceedings.</u>

The United States Code includes the following relevant provisions for taxpayers responding to notices of deficiency:

> (a) Effect of petition to Tax Court.--If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) (or 7481(c) with respect to a determination of statutory interest or section 7481(d) solely with respect to a determination of estate tax by the Tax Court), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by

chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except--

(1) As to overpayments determined by a decision of the Tax Court which has become final, and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final, and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63, and

(5) As to any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a), and

(6) As to overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b).

26 U.S.C. § 6512.

(e) Stay of proceedings.--If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files

> a petition with the Tax Court, the district court or the United States Claims Court, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund.

26 U.S.C. § 7422.

Courts have interpreted these statutes to mean that unless one of the exceptions enumerated in § 6512 applies, once a taxpayer files a petition before the Tax Court, the district court loses jurisdiction to entertain any request for a refund. See e.g. Engh v. United States, 658 F. Supp. 698 (N.D. Ill. 1987); Naftel v. Comm'r, 85 T.C. 527 (1985). One Court explained the law by stating,

> By choosing to go to tax court, as plaintiff did in the present case, the taxpayer waives his right to a trial in district court. *Id.* at 701-702. The filing of the petition in tax court operates to deprive the district court of jurisdiction to entertain a subsequent suit for refund. *United States v. Wolf* [56-2 USTC ¶ 10,053], 238 F.2d 447, 449 (9th Cir.1956). It is not the tax court's decision, but the fact that the taxpayer chose to resort to that court which ends his opportunity to litigate in the district court. *First Nat'l Bank of Chicago v. United States* [86-2 USTC ¶ 13,685], 792 F.2d 954, 955-56 (9th Cir.1986), *cert. denied*, 479 U.S. 1064 (1987).

Long v. United States, 1990 WL 18077 at *2 (D. Colo.) The United States Code grants United States Courts of Appeals (other than the Federal Circuit) exclusive jurisdiction to review Tax Court decisions. 26 U.S.C. § 7482(a).

The Tax Code also includes particular options for taxpayers pursuing small cases in Tax Court:

> Disputes involving $50,000 or less
>
> (a) In general.--In the case of any petition filed with the Tax Court for a redetermination of a deficiency where neither the amount of the deficiency placed in dispute, nor the amount of any claimed overpayment, exceeds--

> (1) $50,000 for any one taxable year, in the case of the taxes imposed by subtitle A,
> (2) $50,000, in the case of the tax imposed by chapter 11,
> (3) $50,000 for any one calendar year, in the case of the tax imposed by chapter 12, or
> (4) $50,000 for any 1 taxable period (or, if there is no taxable period, taxable event) in the case of any tax imposed by subtitle D which is described in section 6212(a) (relating to a notice of deficiency),
> at the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings in the case shall be conducted under this section. Notwithstanding the provisions of section 7453, such proceedings shall be conducted in accordance with such rules of evidence, practice, and procedure as the Tax Court may prescribe. A decision, together with a brief summary of the reasons therefor, in any such case shall satisfy the requirements of sections 7459(b) and 7460.
>
> (b) Finality of decisions.--A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case. . . .
>
> (d) Discontinuance of proceedings.--At any time before a decision entered in a case in which the proceedings are conducted under this section becomes final, the taxpayer or the Secretary may request that further proceedings under this section in such case be discontinued. The Tax Court, or the division thereof hearing such case, may, if it finds that (1) there are reasonable grounds for believing that the amount of the deficiency placed in dispute, or the amount of an overpayment, exceeds the applicable jurisdictional amount described in subsection (a), and (2) the amount of such excess is large enough to justify granting such request, discontinue further proceedings in such case under this section. Upon any such discontinuance, proceedings in such case shall be conducted in the same manner as cases to which the provisions of sections 6214(a) and 6512(b) apply.

26 U.S.C. § 7463. Appellate courts have interpreted these provisions to mean that they lack jurisdiction to hear appeals of such cases, unless the Tax Court removes a case's "small tax case" designation either on its own motion or that of a party. See Cole v. Comm'r of Internal Revenue,

958 F.2d 288 (9th Cir. 1992); Rogers v. Comm'r of IRS, 2001 WL 793703 (D.C. Cir.).

**B. Compensatory and Punitive Damages.**

The Federal Tort Claims Act places the following requirements on Plaintiffs seeking compensatory damages from the government:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675.

The United States declares its immunity from punitive damages suits by stating, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

The Supreme Court interpreted the term "punitive damages" in this statute to refer to the common law understanding of punitive damages. See Molzof v. United States, 502 U.S. (1992). Accordingly, the Court concluded that the statute bars recovery for claims which depend on proof that a defendant has engaged in intentional or egregious conduct, and have the purpose of punishing. Id. at 312.

A. <u>**Defendants's Motion to Dismiss or Alternatively, for Summary Judgment.**</u>

Defendants argue that all of Plaintiff's claims should be dismissed for the following reasons:

**1. The parties' positions.**

**a. Inadequate service of process.**

Defendants state they were not properly served. They explain that neither the United States Attorney for the District of Minnesota nor the Attorney General of the United States has been served with a summons and complaint. In addition, Defendants' copy of the Complaint does not have an attached certificate of service showing proper service was made. As a result, Defendants argue that under Federal Rules of Civil procedure 12(b)(4) and 12(b)(5), the Complaint should be dismissed for insufficiency of process and insufficiency of service.

In addition, Defendants state that to the extent Plaintiff is suing them in their official capacities, they are entitled to service in the manner prescribed by Rule 4(i)(1), and by sending a copy of the summons and complaint by registered or certified mail to the agency and employee. Because there is no evidence that Defendants were served in this manner, they again state service was improper. Finally, Defendants state that to the extent Plaintiff seeks to sue Defendant Holiday individually for acts he performed on behalf of the United States, service upon him is effected by serving the United States in the manner prescribed by Rule 4(i)(1), and also by serving him individually in accordance with the Minnesota statute. Although Defendant Holiday was served personally, Plaintiff failed to effect proper service on the United States. Consequently, Defendants argue the Court lacks personal jurisdiction over Defendant Holiday.

**b. Incorrect parties named.**

Defendants also argue that the wrong parties were named as Defendants in the present suit. They explain that the IRS is not a suable entity. Instead, "suits challenging federal tax liabilities must be brought against the United States." Concerning Defendant Holiday, Defendants explain that "where the suit is against the officer in his or her official capacity, the proper defendant is the United States." Because Plaintiff has not alleged any facts tending to show that Defendant Holiday acted outside the scope of his employment as a federal officer, the proper defendant should be the United States.

In addition, Defendants state that whether an action is against the United States is determined not by the party named as a defendant, but by the results of the judgment which might be entered. If Plaintiff succeeds in the present action, the relief requested would be redress from the United States. This is also true of the damages Plaintiff claims. Therefore, Defendants conclude that the incorrect Defendants were named.

**c. Lack of subject matter jurisdiction.**

Defendants assert that the Court lacks subject matter jurisdiction over all of Plaintiff's claims. They explain that Plaintiff has failed to demonstrate the United States has waived sovereign immunity and consented to be sued in the manner Plaintiff seeks. Defendants argue that the Court lacks jurisdiction to review a United States Tax Court decision. Citing 26 U.S.C. §§ 6512(a) and 7422(e), they explain that once a taxpayer files a petition in the Tax Court, and the Tax Court determines that it has jurisdiction, "that jurisdiction is exclusive and extends to the entire subject matter of the correct tax for the taxable year." Defendants also quote a tax court decision which explains that when presented with a notice of deficiency, a taxpayer may choose

either to petition the tax court before payment, or pay the tax and sue for a refund in the United States Claims Court. Defendants then cite circuit court cases explaining that once a taxpayer petitions the tax court, it retains exclusive jurisdiction, thus barring suit in district court.

Under 26 U.S.C. § 7482(a)(1), Defendants explain, federal courts of appeal have exclusive jurisdiction to review Tax Court decisions. 26 U.S.C. § 7463(a) states that the taxpayer has the option of having a dispute involving $50,000 or less heard as a "small tax case." 26 U.S.C. § 7463(b) states, however, that such cases "shall not be reviewed in any other court and shall not be treated as a precedent for any other case." Defendants cite circuit court cases dismissing appeals of "small tax cases" based on lack of subject matter jurisdiction. Accordingly, Defendants conclude that both this Court and the Eighth Circuit lack jurisdiction to review the Tax Court decision, and the present case should be dismissed with prejudice.

Defendants also explain that the Tax Court can not vacate a decision once it becomes final. A party may file a motion to vacate or revise an entered decision within thirty days of its entry. If the motion is denied in a "small tax case" the decision "shall become final upon the expiration of 90 days after the decision is entered." 26 U.S.C. § 7481(b). Defendants state that "[w]hile other circuits have found that the Tax Court has equitable power to vacate even a final decision when the taxpayers claim that a fraud has been committed on the Court, the Eighth Circuit has repeatedly rejected this exception." Defendants cite Heim v. Comm'r, 872 F.2d 245, 247 (8th Cir. 1989) and Webbe v. Comm'r, 902 F.2d 688, 689 (8th Cir. 1990) in support of this statement. Consequently, Defendants argue that the Court lacks jurisdiction over Plaintiff's request that the parties "together file with the Tax Court in Washington D.C., a motion for reconsideration and withdrawal of the Court's decision."

Defendants cite 28 U.S.C. § 2674 for the proposition that sovereign immunity bars an award of punitive damages against the United States. Defendants argue that none of the statutes Plaintiff cites waives sovereign immunity. Consequently, there is no subject matter jurisdiction over this claim. They also explain that because Plaintiff failed to file an administrative claim for damages with the IRS, he failed to satisfy the jurisdictional requirement for his compensatory damages claim. Therefore, under 28 U.S.C. § 2675(a), the Court lacks jurisdiction to hear this claim.

**d. Res judicata and collateral estoppel.**

Defendants argue that Plaintiff is attempting to relitigate tax liabilities for the year 1995 even though the Tax Court already determined them. Defendants state that the Lands had a full and fair opportunity to present their case to the Tax Court. They explain that the Lands included their claims of fraud, deceit, and other wrongful conduct in their motion for reconsideration, subsequent motions for leave to file motions to vacate the decision, motion for leave to file an amended motion for reconsideration of the opinion, and amended motion for consideration of the opinion again. Defendants explain that "[i]n denying plaintiffs' motions, the Tax Court rejected the allegations of wrongful conduct by defendants asserted in plaintiffs' motions." Defendants conclude that Plaintiff is now barred from relitigating these same claims and issues.

**e. Suits to restrain assessment or collection of taxes.**

Defendants state that under 26 U.S.C. § 7421(a) suits such as the present one which seeks to restrain assessment or collection of taxes are prohibited. Defendants state that the Lands chose to make the Tax Court their forum, and they are now bound by that court's final decision.

**f. Defendant Holiday's immunity.**

Defendants state that Holiday is entitled to absolute and also qualified immunity in the present suit. They assert that as the Department of the Treasury attorney representing the Commissioner of the IRS in the prior Tax Court case, Holiday is entitled to absolute immunity from damages. Defendants also argue that Holiday is entitled to qualified immunity because he was performing a discretionary function and did not violate a clearly established statutory or constitutional right of which a reasonable person would have been aware. Defendants explain that Plaintiff has not alleged any violations of a constitutional right. In addition, the Tax Court rejected the allegations of improper conduct.

**g. Failure to state a claim upon which relief can be granted.**

Defendants state that "[n]owhere in plaintiff's complaint is there a statement of a claim showing they are entitled to relief." Consequently, Defendants argue the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Defendants alternatively argue that they are entitled to judgment as a matter of law with respect to every matter presented, or which could have been presented, to the Tax Court. Therefore, they conclude summary judgment is also appropriate.

Plaintiff responds that the Court does have jurisdiction over the present case. He states jurisdiction was founded on the Constitution and expanded by the Tucker Act, 28 U.S.C. § 1491. Plaintiff adds that there is jurisdiction under the Americans with Disabilities Act. He states that Judge Pajak deprived him of due process of law and equal protection of the laws. Plaintiff cites to documents from the Tax Court proceeding, and argues that he was improperly prevented from filing certain documents during the proceeding. In addition, Plaintiff argues that Judge Pajak

violated the First Amendment's protection of freedom of the press by not permitting him to present written evidence relevant to the case. Plaintiff also maintains that the Tax Court should have known that the case would be considered a regular Tax Court Case.

Plaintiff contends that Defendant Holiday purposely misrepresented the Tax Court's function to Plaintiff, thus committing fraud, misrepresentation, and deceit. In addition, Plaintiff states that Defendant Holiday committed perjury by misstating to the Tax Court what he had previously told Plaintiff. Defendant Holiday can not be immune from suit, Plaintiff argues, because he acted purposefully in his misrepresentation and wrongdoing.

With respect to service of process, Plaintiff states that Defendant Holiday informed him that he should serve the technical support group. Plaintiff explains that William Hickey, an IRS compliance policy advisor and technical support group manager, represented to him that his office could accept service for the IRS Commissioner.

Plaintiff argues that Defendants precluded themselves from bringing any Rule 12 defenses, because they failed to bring them before pleading. In addition, Plaintiff argues that Defendants failed to file responsive pleadings when required to.

Plaintiff states his claim is not barred by res judicata or collateral estoppel because Judge Pajak never actually saw the Schedule A itemized deductions that he attempted to present at the Tax Court proceeding.

**2. The Court's recommendation.**

The Court recommends granting Defendants' motion. The Court lacks subject matter jurisdiction over all of Plaintiff's claims. Under 26 U.S.C. §§ 6512 and 7422, the district court lost subject matter jurisdiction over any claims concerning Plaintiff's taxes from the year 1995

when the Lands chose to pursue their claims concerning those taxes in Tax Court. Moreover, because the Lands chose to pursue their case with the "small tax case" designation, the Tax Court's final decision is also not subject to review by the Eighth Circuit. See 26 U.S.C. § 7463.

After reviewing all of the documents filed in the present case, the Court finds that with the exception of Plaintiff's arguments regarding serving the Complaint, all of his claims were also presented to the Tax Court either during the proceeding, or afterwards through the Lands' numerous motions for reconsideration and to vacate that decision. Therefore, any consideration of the merits of Plaintiff's claims would in effect be reviewing the Tax Court's decision. Because the Court lacks subject matter jurisdiction over such a review, the Court can not consider Plaintiff's requests for an order allowing him to file amended tax forms for the year 1995, and that he and the IRS file a motion for reconsideration and withdrawal of the Tax Court's decision.

The Court lacks subject matter jurisdiction over Plaintiff's claim for compensation for non-pecuniary losses. The Court understands this to be a claim for compensatory damages. Under 28 U.S.C. § 2675, such a claim against the United States must first be presented to the appropriate federal agency, in this case the IRS. Because Plaintiff did not first pursue his claim with the IRS, the Court has no jurisdiction under this statute to hear Plaintiff's claim. The Court also lacks subject matter jurisdiction over Plaintiff's claim for punitive damages because, as stated in 28 U.S.C. § 2674, the United States is immune from punitive damages.

Because the Court can not entertain Plaintiff's basic claims, there is not basis for considering Plaintiff's requests for costs incurred in bringing the present motion, or pain and suffering he endured as a result of litigating the Tax Court proceeding. Consequently, the Court

recommends that all claims be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

**B. Plaintiff's Motion for Entry of Judgment by Default.**

Federal Rule of Civil Procedure 55 includes the following relevant provisions for default judgment.

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Plaintiff argues that Defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. Plaintiff states that Defendants' actions in Tax Court were made with deceit and fraud. In addition, Plaintiff states that the Tax Court judge allowed Defendants to file evidentiary papers, but prohibited Plaintiff from doing the same. In addition, Plaintiff asserts that Defendant Holiday lied under oath during the Tax Court proceeding.

Plaintiff also states that Defendants' behavior during the Tax Court proceeding and since demonstrates they believe they are above the law. He explains that he is not asking for large sums of money, or that someone be prosecuted. He requests only that Defendants rescind the Tax Court's ruling. As a result, Plaintiff concludes the Court should enter default judgment against Defendants.

Defendants respond with the same basic arguments made in support of their motion to dismiss. They explain that good cause exists to deny default judgment because they have meritorious defenses to the allegations in the Complaint. Specifically: (1) the Court lacks subject

matter jurisdiction to review a decision of the United States Tax Court; and (2) Defendant Holiday has absolute immunity as the Department of the Treasury attorney represent the Commissioner or the IRS.

The Court recommends denying Plaintiff's motion. As explained above, the Court lacks subject matter jurisdiction over all of Plaintiff's claims. Consequently, the Court is unable to take any action in the present case other than dismissing it.

**C. Plaintiff's Motion to Dismiss.**

Plaintiff's motion to dismiss includes slightly over two pages in which Plaintiff recites many of his allegations concerning Defendant Holiday and the Tax Court proceeding. The motion concludes with the statement "to use the amended tax schedule figuring in all the itemized deductions that was presented to and generally approved by appeals. Let that stand as the 1995 tax year, and end it completely."

Defendants respond that the relief sought in Plaintiff's motion is unclear. If what Plaintiff seeks is to dismiss the case, Defendants do not oppose the motion. If, instead, Plaintiff seeks to dismiss Defendants' memorandum in opposition to Plaintiff's motion for default judgment, Defendants then oppose the motion.

The Court is not certain whether Plaintiff's motion is a request for the relief he seeks in the Complaint, or a request that the present suit be dismissed. The Court recommends denying Plaintiff's motion to the extent it seeks the relief requested in the Complaint. As stated above, the Court lacks subject matter jurisdiction over all of Plaintiff's claims. The Court recommends denying Plaintiff's motion as moot to the extent it seeks dismissal of the present suit.

**D. Plaintiff's Motion to Dismiss Under Rule 56 and for Relief.**

Plaintiff's motion to dismiss under Rule 56 and for relief makes the same arguments as his earlier motion to dismiss, but in greater length and greater detail. In addition, Plaintiff includes in his motion an affidavit from Lavernne Filtner, an accountant. Filtner states that the IRS and Tax Court did not handle Plaintiff's 1995 taxes correctly. She explains that Plaintiff endured audits from 1989 through 1995, but that Plaintiff was vindicated each time. Filtner explains that "[i]n my opinion, these audits are prime examples of the Internal Revenue Service disregarding their own regulations and persecuting Mr. Land simply because he has been successful in suing the Untied States of America for their negligence in disposing of toxic materials." Plaintiff also makes this argument briefly in his motion.

The Court must respond to this motion in the same manner as Plaintiff's motion to dismiss. It is not clear whether this motion is a request for the relief Plaintiff seeks in the Complaint, or a request that the present suit be dismissed. The Court recommends denying Plaintiff's motion to the extent it seeks the relief requested in the Complaint. As stated above, the Court lacks subject matter jurisdiction over all of Plaintiff's claims. The Court recommends denying Plaintiff's motion as moot to the extent it seeks dismissal of the present suit.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) Defendants's Motion to Dismiss or Alternatively, for Summary Judgment (Doc. No. 12-1 and 12-2) be **GRANTED**;

(2) Plaintiff's Motion for Entry of Judgment by Default (Doc. No. 7) be **DENIED**;

(3) Plaintiff's Motion to Dismiss (Doc. No. 20) be **DENIED IN PART** and **DENIED AS MOOT IN PART**;

(4) Plaintiff's Motion to Dismiss Under Rule 56 and for Relief (Doc. No. 27) be **DENIED IN PART** and **DENIED AS MOOT IN PART**.

Dated: October 30, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 14, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.