**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Larry D. Land,**

**Plaintiff,**

v.

**Internal Revenue Service and**
**Blaine Holiday,**

**Defendants.**

**Civil No. 01-2280 (DWF/SRN)**

**ORDER**

---

Plaintiff is pro se.

Mary E. Bielfeld, Assistant United States Attorney, on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on June 14, 2002, on Plaintiff's Motion for Additional Time to Respond to Defendants' Summary Judgment Motion (Doc. No. 19) and Plaintiff's Motion for Settlement Conference (Doc. No. 21).[1]

## I. BACKGROUND.

On December 28, 1999, The Internal Revenue Service (IRS) issued a Notice of Deficiency to Plaintiff and his wife, Marie A. Land. (Declaration of Blaine C. Holiday (Holiday

---

[1]All of the parties' dispositive motions are addressed in a separate Report and Recommendation.

FILED OCT 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Decl.); Ex. 1[2].) On March 13, 2000, the Lands filed an imperfect Petition with the United States Tax Court. (Ex. 2.) On March 15, 2000, the Tax Court ordered the Lands to file an Amended Petition. (Ex. 3.) On April 3, 2000, they filed an Amended Petition. (Ex. 4.) On the Amended Petition, the Lands elected to have the case conducted under "small tax case" procedures. Id. The Lands made this choice by leaving blank the box on their petition which instructed them "if you do not want this case conducted as a 'small tax case' place an 'X' in the following box." Id. On June 29, 2000, the Tax Court issued a notice setting the case for trial on September 18, 2000, in St. Paul, MN. (Ex. 5.) An appeals officer subsequently determined that settlement could not be reached, and on July 14, 2000, the Appeals Division issued a "Branerton" letter to the Lands, explaining pretrial procedures and setting forth the adjustments from the Notice of Deficiency that were at issue. (Ex. 6.)

Defendant Holiday is an attorney in the Office of Chief Counsel, IRS, Department of the Treasury, who was assigned to represent the Commissioner of the IRS. (Holiday Decl., ¶ 1.) On or about August 8, 2000, the unresolved case was assigned to him. Id. at ¶ 12. Holiday and the Lands held in person conferences on August 14 and August 29, 2000. Id. During these conferences, the Lands expressed interest in settling the case, but the parties could not reach a mutually agreeable settlement. Id. On September 12, 2000, Holiday sent the Lands a letter explaining that no settlement would be reached. (Ex. 7.) Holiday attached a proposed Stipulation of Facts for approval, which was signed and filed with the Tax Court on September 18, 2000. (Ex. 8.)

---

[2]All future citations to "Ex. __" refer to the exhibits accompanying the Declaration of Blaine C. Holiday.

On September 18, 2000, the Tax Court trial was held before Special Trial Judge John J. Pajak. (Ex. 9.) Holiday filed a Memorandum of Authorities and served a copy on the Lands by hand. Id. On July 26, 2001, the Tax Court issued its Summary Opinion. (Ex. 10.) On August 9, 2001, the Tax Court Rule 155 computations were sent to the Lands along with a decision document. (Ex. 11.) On August 23, 2001, the Lands moved the Tax Court for reconsideration of its opinion. (Ex. 12.) On August 23, 2001, the Tax Court rejected the Lands' post-opinion settlement offer. (Ex. 14.) On August 31, 2001, the Tax Court denied the Lands' motion. (Ex. 13.) On September 7, 2001, the Commissioner sent the Rule 155 computations to the Tax Court along with a proposed Decision. (Ex. 15.) On October 25, 2001, the Tax Court entered the proposed decision, which stated that there was a deficiency of $5,336.00 in income tax due for the taxable year 1995, and there was no penalty due for that year. (Ex. 16.) Prior to issuing the proposed order, the Tax Court had provided the Lands an opportunity to object or submit their own computations. (Holiday Decl., ¶ 20.) On December 19, 2001, the Lands moved the Tax Court to vacate its decision and reconsider the opinion. The Lands' motion included a supporting affidavit and exhibits. (Ex. 17.) On January 14, 2002, the Tax Court denied the Lands' motion. (Ex. 18.)

On December 11, 2001, Plaintiff filed the Complaint in the present suit. In the Complaint, Plaintiff seeks the following relief: (1) an order that he be allowed to file his amended tax forms for the year 1995; (2) that he and the IRS together file a motion for reconsideration and withdrawal of the Tax Court's decision listed above; (3) compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial; (4) punitive damages; (5) other relief as the Court deems necessary

and proper; and (6) legal fees and costs in this action, as well as legal fees and costs "incurred to perpetrate his testimony before this action began."

On January 11, 2002, Plaintiff served the Complaint on Defendants. On March 12, 2002, Plaintiff filed the motion for default judgment. On April 12, 2002, Defendants filed their memorandum in opposition to Plaintiff's motion. On April 16, 2002, Defendants filed their motion to dismiss, or alternatively, for summary judgment. On May 2, 2002, Plaintiff filed his motion for additional time to respond to Defendants' summary judgment motion. Also on May 2, 2002, Plaintiff filed his motion for a settlement conference. On June 7, 2002, Plaintiff filed his motion to dismiss under Rule 56 and for relief.

## II. DISCUSSION

### A. Plaintiff's Motion for Additional Time to Respond to Defendants' Summary Judgment Motion.

In Plaintiff's motion, he requests additional time before the Court sets a hearing date for Defendants' motion to dismiss. Plaintiff explains that the additional time is necessary for him to respond to Defendants' motion.

Defendants respond that Plaintiff's motion for additional time is moot, because Plaintiff responded to the motion to dismiss on May 13, 2002.

The Court denies Plaintiff's motion as moot. Plaintiff filed his response to the motion to dismiss before the June 14, 2002, hearing. In addition, he was present at the hearing and participated in oral argument.

### B. Plaintiff's Motion for Settlement Conference.

Plaintiff's motion includes many of the same allegations concerning the Tax Court proceeding and Defendant Holiday that were included in the Complaint. Plaintiff then explains

that he is requesting a settlement conference "to stop this before it consumes us all."

Defendants respond that a settlement conference is not warranted. They argue that Plaintiff's arguments for convening a settlement conference lack merit.

The Court denies Plaintiff's motion. The Court finds no basis for ordering the parties to participate in a settlement conference at this point. As stated in the Court's Report and Recommendation, neither this Court nor the Eighth Circuit have jurisdiction to review a Tax Court decision which has been designated a "small tax case." In addition, the Tax Court itself has declined to vacate or reconsider its decision. Hence, a settlement conference could not possibly affect the decision which is the basis of Plaintiff's Complaint.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion for Additional Time to Respond to Defendants' Summary Judgment Motion (Doc. No. 19) is **DENIED AS MOOT**;

(2) Plaintiff's Motion for Settlement Conference (Doc. No. 21) is **DENIED**.

Dated: October 30, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge