**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Larry Land, sued as Larry D. Land,

Petitioner,

v.

Internal Revenue Service and Blaine Holiday,

Respondent.

Civil No. 01-2280 (DWF/SRN)

**ORDER AND MEMORANDUM**

---

Larry Land, *Pro Se*, 1946 Edgerton, St. Paul, MN 55117, Plaintiff.

Mary E. Bielefeld, Esq., P.O. Box 7238, United States Department of Justice, Tax Division, Ben Franklin Station, Washington, DC 20044, counsel for Defendants.

---

This matter is before the Court upon Plaintiff's objections and Defendant's objections to Magistrate Judge Susan Richard Nelson's Report and Recommendation dated October 30, 2002, recommending that Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment be granted; that Plaintiff's Motion for Entry of Judgment by Default be denied; that Plaintiff's Motion to Dismiss be denied in part and denied as moot in part; and that Plaintiff's Motion to Dismiss Pursuant to Rule 56 be denied in part and denied as moot in part.

The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

Based upon the Court's review of the record, the Court's review of the arguments and submissions of both parties, and the Court being otherwise duly advised in the premises, the Court, for the reasons set forth below, adopts the Report and Recommendation of Magistrate Judge Nelson.

Accordingly, **IT IS HEREBY ORDERED** that:

DEC 0 3 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 0 3 2002
DEPUTY CLERK

1. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. Nos. 12-1 and 12-2) is **GRANTED**;

2. Plaintiff's Motion for Entry of Judgment by Default (Doc. No. 7) is **DENIED**;

3. Plaintiff's Motion to Dismiss (Doc. No. 20) is **DENIED IN PART** and **DENIED AS MOOT IN PART**; and

4. Plaintiff's Motion to Dismiss Under Rule 56 and for Relief (Doc. No. 27) is **DENIED IN PART** and **DENIED AS MOOT IN PART**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 3, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The factual background for this matter is adequately set forth in the Report and Recommendation and is incorporated by reference for the purposes of the parties' objections.

The Court has dismissed the Plaintiff's case pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. The Court has done so after a *de novo* review of the record. However, the Court has reviewed the record and the totality of the circumstances in adopting the Report and Recommendation of Magistrate Judge Nelson filed on October 30, 2002. Therefore, the Court does not need to reach the issue of the specific objections that the Defendants have placed before the Court to the Report and Recommendation of Magistrate Judge Nelson in order to resolve the dispositive motion. The record as a whole supports dismissal of the Plaintiff's claims pursuant

to Rule 12. The Court need not make any findings of fact or adopt specifically any portion or portions of the factual background set forth in the Report and Recommendation of Magistrate Judge Nelson.

The Court lacks subject matter jurisdiction over all of Plaintiff's claims. Pursuant to 26 U.S.C. §§ 6512 and 7422, the district court lost subject matter jurisdiction over any claims concerning Plaintiff's taxes from the year 1995 when the Plaintiff chose to pursue his claim concerning those taxes in Tax Court. Moreover, because the Lands chose to pursue their case with the "small tax case" designation, the Tax Court's final decision is not subject to review by the Eighth Circuit. *See* 26 U.S.C. § 7463.

After reviewing the record before the Court, the Court finds and concludes that, with the exception of Plaintiff's arguments regarding serving the complaint, all of Plaintiff's claims were presented to the Tax Court either during the proceeding, or afterwards, through the Plaintiff's numerous motions for reconsideration and to vacate that decision. Thus, any consideration of the merits of Plaintiff's claims would be tantamount to reviewing the Tax Court's decision. Because this Court lacks subject matter jurisdiction over such review, the Court cannot consider Plaintiff's request for an order allowing him to file amended tax forms for the year 1995, and that he and the IRS file a motion for reconsideration and withdrawal of the Tax Court's decision.

Furthermore, the Court lacks subject matter jurisdiction over Plaintiff's claim for compensation for nonpecuniary losses. The Court understands this to be a claim for compensatory damages, as Magistrate Judge Nelson did in her Report and Recommendation to the Court. Pursuant to 28 U.S.C. § 2675, such a claim against the United States must first be presented to the appropriate federal agency, in this case the IRS. The Plaintiff did not pursue this claim with the IRS. Because

the Plaintiff did not pursue his claim with the IRS, the Court has no jurisdiction under this statute to hear Plaintiff's claim. The Court also finds and concludes that the Court lacks subject matter jurisdiction over Plaintiff's claim for punitive damages because, as stated in 28 U.S.C. § 2664, the United States is immune from punitive damages.

The Court lacks subject matter jurisdiction over Plaintiff's basic claims. Therefore, there exists no basis for considering Plaintiff's request for costs incurred in bringing the present motion, or pain and suffering that Plaintiff allegedly endured as a result of litigating the Tax Court proceeding.

Based upon the Court's review of the entire record in this matter, the Court has dismissed all claims of the Plaintiff pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.